# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STARBUCKS, a corporation, and Does 1 through 50, inclusive,

**Electronically FILED by
Superior Court of California,
County of Los Angeles
9/08/2023 3:31 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Chappell, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JANE DOE, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Compton Courthouse

200 West Compton Blvd., Compton, CA 90220

CASE NUMBER:
*(Número del Caso):*

**23CMCV01457**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hugo Ivan Salazar, Esq. 3975 Camino de la Plaza, Ste 208-949, San Ysidro, CA 92173 (619) 254-1261

DATE: 09/08/2023                 Clerk, by **M. Chappell**                 , Deputy
*(Fecha)* 09/08/2023             *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **STARBUCKS CORPORATION, a corporation**
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Exhibit A, Page 9

1  Hugo I Salazar, Esq. (SBN 324209)
2  SALAZAR LAW GROUP, APC
   3975 Camino de la Plaza, Suite 208-949
3  San Ysidro, CA 92173
   Tel: (619) 254-1261
4  Email: hsalazar@sdworkerslawyer.com

5  Attorneys for Plaintiff,
   **JANE DOE**

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/08/2023 3:31 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Chappell, Deputy Clerk

6

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8  **FOR THE COUNTY OF LOS ANGELES**

9

10  JANE DOE, an individual

11         Plaintiff,

12

13  vs.

14

15  STARBUCKS CORPORATION, a
    corporation, and Does 1 through 50,
16  inclusive,

17         Defendants.

| Case No.: 23CMCV01457 |
| --- |

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1. Sexual Harassment (Government Code § 12955(a), (d));
2. Gender and Disability Discrimination (California Government Code § 12900, et seq.);
3. Failure to Prevent Discrimination, Harassment, and Retaliation (Government Code § 12940(k))
4. Negligent Retention & Supervision
5. Failure to Timely Provide Employment Records (Cal. Labor Code §§1198.5)
6. Retaliation for Engaging in a Protected Activity (California Government Code § 12900, et seq)
7. Wrongful Termination in Violation of Public Policy (Labor Code §1102.5).
8. Hostile Work Environment (Gov. Code §12923 (a)(b)) Code § 1102.5) (b)

AND DEMAND FOR JURY TRIAL

18

19

20

21

22

23

24

25

26

27

28

- 1 -
Plaintiff's Complaint for Damages and Demand for Jury Trial
*Jane Doe v. Starbucks Corporation, et al.*                    Hugo Ivan Salazar, Esq.
Exhibit A, Page 10

1     **COMES NOW** Plaintiff, JANE DOE, alleges, on the basis of personal knowledge
2  and/or information belief:

3                  **SUMMARY**

4     This is an action by plaintiff, JANE DOE ("Plaintiff" or "Doe"), whose employment
5  with defendant STARBUCKS CORPORATION ("STARBUCKS" or "DEFENDANT")
6  was wrongfully terminated. Plaintiff brings this action against the defendants for
7  economic, non-economic, compensatory, and punitive damages, pursuant to Civil
8  Code section 3294, pre-judgment interest pursuant of Code of Civil Procedure section
9  3291, and costs and reasonable attorneys' fees pursuant to Government Code section
10  12965(b) and Code of Civil Procedure section 1021.5.

11

12                  **PARTIES**

13     1.    Plaintiff JANE DOE is, and at all times mentioned in this Complaint was, a
14  resident of the County of LOS ANGELES, California.

15     2.    Defendant STARBUCKS is, and at all times mentioned in this Complaint
16  was, authorized to operate by the State of California and the United States government
17  and authorized and qualified to do business in the County of LOS ANGELES. Defendant's
18  place of business, where the following causes of action took place, was and is in the
19  County of Los Angeles, at 7905 Alondra Blvd., Paramount, CA 90723. Defendant
20  STARBUCKS ("STARBUCKS" or "Defendant") was and now is a California-incorporated
21  company, existing and doing business and employing individuals in the County of LOS
22  ANGELES, State of California.

23     3.    Plaintiff seeks compensatory damages, costs of suit herein, and attorneys'
24  fees pursuant to Cal. Gov't Code §12940 et seq.

25     4.    Plaintiff is informed and believes and thereon alleges that each of these
26  defendants named herein as DOES are the agents, employers, representatives, or
27  employees of the other named defendants and when performing the acts alleged herein,
28  were acting within the scope of their agency, employment and/or representative capacity

**Exhibit A, Page 11**

,

1  and are therefore responsible for the acts complained of herein.  Plaintiff is informed and
2  believes and thereon alleges that each fictitiously named defendant is responsible in
3  some manner for the occurrences alleged and plaintiffs' injuries and damages as herein
4  alleged are directly, proximately and/or legally caused by Defendant and all of its acts.
5  Plaintiff will seek leave of court to amend this complaint to set forth the true names and
6  capacities of such named defendants when their identities become known to them.

7      5.      At all times herein mentioned, Defendants were acting as agents and/or
8  employees of each of the remaining Defendants, and were, at all times herein mentions,
9  acting within the scope of said agency and employment, except where alleged to the
10  contrary.

11      6.      Whenever in this Complaint reference is made to any act of Defendants,
12  such allegations shall be deemed to mean all named Defendants and DOES 1 through
13  50, or their officers, agents, managers, representatives, employees, heirs, assignees,
14  customers an tenants, did or authorized such acts while actively engaged in the
15  operation, management, direction or control of the affairs of Defendants and while acting
16  within the course and scope of their duties.

17      7.      Whenever in this Complaint reference is made to any act of Defendants,
18  such allegations shall be deemed to mean all named Defendants and DOES 1 through
19  50, or their officers, agents, managers, representatives, employees, heirs, assignees,
20  customers an tenants, did or authorized such acts while actively engaged in the
21  operation, management, direction or control of the affairs of Defendants and while acting
22  within the course and scope of their duties.

23      8.      As a further legal result of the unlawful and wrongful actions of Defendant
24  and each of its agents against Plaintiff as alleged herein, plaintiff has been harmed in that
25  she suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and
26  emotional distress. Plaintiff filed a complaint for discrimination and wrongful termination
27  with the DFEH requesting a 'right-to-sue letter against Defendant on or around
28  September 6, 2023 and received 'right-to-sue letters' on or around September 6, 2023 (all

- 3 -

Plaintiff's Complaint for Damages and Demand for Jury Trial
Jane Doe v. Starbucks et al.                                                    Hugo Ivan Salazar, Esq.
Exhibit A  Page 12

attached as Exhibit "A").

## FACTS COMMON TO ALL CAUSES OF ACTION

9.     Plaintiff's hiring: Plaintiff is a thirty-one-year-old Mexican-American, female who worked as a barista at Starbucks located in 7905 Alondra Blvd., Paramount, CA 90723.

10.     Plaintiff's job performance: Plaintiff began her employment on or about July 2016, and throughout her employment performed her duties above expectation, was well-liked by others and excelled at her position.

11.     Plaintiff's protected status and activity:

      a.     Plaintiff DOE is a Latina.

      b.     Plaintiff is a female with a disability.

      c.     Plaintiff is a member of the LGBTQ community.

      d.     Plaintiff complained of unlawful action by Defendants.

12.     Defendants' adverse employment actions and behavior:

13.     On October 2021, Plaintiff's supervisor constantly harassed her because she was dating another woman.

14.     Plaintiff was reprimanded by supervisors for complaining about unlawful harassment.

15.     Plaintiff was written up and her hours were reduced.

16.     Plaintiff was hired at a rate of $18 an hour.

17.     Plaintiff tested positive for COVID-19 on or about January 2022. She was asked to return to work even though she was still highly contagious.

18.     On or about June 2022, Plaintiff requested reasonable seating while only working the register to her supervisor.

19.     On or about July, 2022, Plaintiff contracted COVID-19 and was terminated after she reported her status to her supervisor.

///

Plaintiff's Complaint for Damages and Demand for Jury Trial

*Jane Doe v. Starbucks et al.*

Hugo Ivan Salazar, Esq.

**Exhibit A, Page 13**

**JURISDICTION AND VENUE**

20.    This Court has jurisdiction because at all relevant times herein Defendant STARBUCKS is a California Corporation located in this County and does business in this County, and the majority of the events constituting the conduct set forth below in this Complaint occurred in this County of Los Angeles, State of California.

21.    Venue is proper in this Court under California Code of Civil Procedure Section 395 because much of the wrongful conduct alleged herein occurred in this County and the records relevant to Defendants' businesses are maintained in this County. Moreover, venue is proper within this Division because Defendants reside/resided in, are located in, or operate in this Division and the events described below occurred in this Division.

**FIRST CAUSE OF ACTION**

**Sexual Harassment**

**(Government Code § 12955(a), (d))**

**[Against All Defendants and Does 1 through 10]**

22.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

23.    At all times herein mentioned, FEHA, Government Code section 12955(a) and (d), was in full force and effect and was binding on the defendants. This statute requires defendants to refrain from sexually harassing their employees. Within the time provided by law, the plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

24.    As identified herein, during plaintiff's employment with defendants, defendants engaged in actions that constituted sexual harassment of plaintiff. These engaged in actions that constituted sexual harassment of plaintiff. These actions created a hostile working environment for plaintiff.

25.    As a proximate result of defendants' willful, knowing, and intentional sexual

-5-

Plaintiff's Complaint for Damages and Demand for Jury Trial
Jane Doe v. Starbucks et al.                                                                     Hugo Ivan Salazar, Esq.

Exhibit A, Page. 14

harassment of plaintiff, plaintiff has sustained and continues to sustain damages, including losses of earnings and benefits, according to proof.

26.    As a proximate result of defendants' willful, knowing, and intentional sexual harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

27.    Defendants' sexual harassment was done intentionally, in a malicious, oppressive, fraudulent manner, entitling plaintiff to punitive damages.

28.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are known.

## SECOND CAUSE OF ACTION

### Gender and Disability Discrimination

### (Violation of FEHA (Government § 12900, et seq.)

### [Against All Defendants and Does 1 to 10, Inclusive]

29.    Plaintiff restates and incorporates by reference each and every allegation contain in paragraphs 1 through 22, inclusive, as though fully set forth herein.

30.    Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, in violation of Government Code section 12940(h).

31.    As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

32.    As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

Plaintiff's Complaint for Damages and Demand for Jury Trial

*Jane Doe v. Starbucks et al.*

Exhibit A, Page 15

Hugo Ivan Salazar, Esq.

1    33.    Plaintiff has incurred and continues to incur legal expenses and attorneys'
2   fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover
3   reasonable attorneys' fees and costs (including expert costs) in an amount according to
4   proof.

5    34.    Defendants' misconduct was committed intentionally, in a malicious,
6   despicable, oppressive, fraudulent manner, entitling plaintiff to punitive damages against
7   defendants.

8

9                              **THIRD CAUSE OF ACTION**

10          **Failure to Prevent Discrimination, Harassment, and Retaliation**

11               **(Violation of FEHA (Government Code § 12940(k)**

12               **[Against All Defendants and Does 1 to 10, Inclusive]**

13    35.    Plaintiff restated incorporates by reference each and every allegation
14   contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

15    36.    At all times herein mentioned, FEHA, Government Code section 12940(k),
16   was in full force and effect and was binding on defendants. This statute states that it is an
17   unlawful employment practice in California for an employer "to fail to take all reasonable
18   steps necessary to prevent discrimination and harassment from occurring." Prior to filing
19   the instant Complaint, plaintiff filed a timely administrative charge with the DFEH and
20   received a right-to-sue letter.

21    37.    During the course of plaintiff's employment, defendants failed to prevent
22   their employees from engaging in intentional actions that resulted in plaintiff's being
23   treated less favorably because of plaintiff's protected status (i.e., her gender). During the
24   course of plaintiff's employment, defendants failed to prevent their employees from
25   engaging in unjustified employment practices against employees in such protected
26   classes. During the course of plaintiff's employment, defendants failed to prevent a
27   pattern and practice by their employees of intentional discrimination and harassment on
28   the bases of race, national origin, color, sexual orientation, marital status, and/or other

- 7 -

Plaintiff's Complaint for Damages and Demand for Jury Trial
*Jane Doe v. Starbucks et al.*                                          Hugo Ivan Salazar, Esq.

Exhibit A   Page 16

1 | protected statuses or protected activities.

2 |     38.     Plaintiff believes and on that basis alleges that her disability and the need to
3 | accommodate her disability were substantial motivating factors in defendants' termination
4 | of her employment, defendants failed to prevent their employees from engaging in
5 | unjustified employment practices against employees in such protected classes. During
6 | the course of plaintiff's employment, defendants failed to prevent a pattern and practice
7 | by their employees of intentional discrimination and harassment on the bases of race,
8 | national origin, color, sexual orientation, marital status, and/or other protected statuses or
9 | protected activities.

10 |     39.     Plaintiff believes and on that basis alleges that her gender, and/or other
11 | protected status and/or protected activity were substantial motivating factors in
12 | defendants' employees' discrimination against and harassment of her.

13 |     40.     As a proximate result of defendants' willful, knowing, and intentional
14 | misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings
15 | and other employment benefits.

16 |     41.     As a proximate result of defendants' willful, knowing, and intentional
17 | misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress,
18 | and physical and mental pain and anguish, all to her damage in a sum according to proof.

19 |     42.     Plaintiff has incurred and continues to incur legal expenses and attorneys'
20 | fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover
21 | reasonable attorneys' fees and costs (including expert costs) in an amount according to
22 | proof.

23 |     43.     Defendants' misconduct was committed intentionally, in a malicious,
24 | despicable, oppressive, fraudulent manner, entitling plaintiff to punitive damages against
25 | defendants.

26 | ///

27 | ///

28 | ///

Plaintiff's Complaint for Damages and Demand for Jury Trial
Jane Doe v. Starbucks et al.                                          Hugo Ivan Salazar, Esq.
Exhibit A, Page 17

## FOURTH CAUSE OF ACTION

### Negligent Retention & Supervision

### [Against All Defendants and DOES 1 through 10, Inclusive]

44.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

45.     Defendant SUPERVISOR DOE was employed at Defendant's STARBUCKS.

46.     Defendant STARBUCKS, by and through its agents and employees, knew or reasonably should have known through reasonable investigation of Defendant SUPERVISOR DOE's propensity for unlawful sexual harassment.

47.     Defendant STARBUCKS had a duty to terminate or, at the very least, provide reasonable supervision of SUPERVISOR DOE given their wrongful, dangerous, and sexually depraved propensities.

48.     Defendant STARBUCKS negligently retained and /or failed to exercise reasonable care to adequately supervise SUPEVISOR DOE in their positions and to prevent them from committing wrongful acts complained of herein against Plaintiff.

49.     As an actual and proximate cause of Defendant STARBUCKS' negligent retention and failure to supervise SUPEVISOR DOE, Plaintiff suffered and continues to suffer physical pain, humiliation, embarrassment, mental and emotional distress, and discomfort, all to her damages in an amount in excess of minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

## FIFTH CAUSE OF ACTION

### Failure to Timely Provide Employment Records

### (Cal. Labor Code §§1198.5)

### [Against All Defendants]

50.     Plaintiff restates and incorporates by reference each and every allegation contain in paragraphs 1 through 22, inclusive, as though fully set forth herein.

51.     Employers in California are required to "maintain a copy of each employee's

- 9 -

Plaintiff's Complaint for Damages and Demand for Jury Trial.
Jane Doe v. Starbucks et al.                                               Exhibit A, Page. 18
Hugo Ivan Salazar, Esq.

,

1  personnel records" and make a current or former "employee's personnel records
2  available for inspection, and, if requested by the employee or his or her representative,
3  provide a copy thereof." Cal. Labor Code §1198.5(c)(1)-(3). "Every current and former
4  employee, or his or her representative has the right to inspect and receive a copy of the
5  personnel records that the employer maintains relating to the employee's performance or
6  to any grievance concerning the employee." Cal. Labor Code §1198.5(a)

7      52.    Employers are required to "make the contents of those personnel records
8  available for inspection to the current or former employee, or his or her representative, at
9  reasonable intervals and at reasonable times, but no later than 30 calendar days from the
10 date the employer receives a written request." Ca. Labor Code §1198.5(b)(1).

11     53.    Plaintiff requested her personnel records on August 22, 2022. Defendants
12 failed to provide said personnel file.

13     54.    Plaintiff has been prejudiced in her efforts to obtain relief by her inability to
14 access critical employment information.

15     55.    The Defendants violated Labor Code section 1198.5 by failing to provide any
16 employee records within 30 days of the initial request of the initial request for their
17 production. As a result Plaintiff is entitled to recover the seven-hundred and fifty dollar
18 ($750) penalty from Defendants provided by Labor Code section 1198.5(1).

19

20              **SIXTH CAUSE OF ACTION**

21         **Retaliation for Engaging in Protected Activity**

22        **(California Government Code § 12900, et seq.)**

23        **[Against All Defendants and Does 1 through 10]**

24     56.    Plaintiff restates and incorporates by reference each and every allegation
25 contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

26     57.    At all times herein mentioned, FEHA, Government Code section 12940, et
27 seq., was in full force and effect and was binding on defendants. This statute requires
28 defendants to refrain from retaliating against any employee making complaints or

Plaintiff's Complaint for Damages and Demand for Jury Trial;

*Jane Doe v. Starbucks et al.*                    Exhibit A, Page 19

Hugo Ivan Salazar, Esq.

opposing discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the FEHA, including for seeking to exercise rights guaranteed under FEHA and/or assisting and/or participating in an investigation, opposing defendants' failure to provide rights, including rights to complain to assist in a lawsuit, and/or the right to be free of retaliation, in violation of Government Code section 12940(h).

58. Requesting an accommodation is also a protected activity. Govt. Code §§ 12940(1)(4), (m)(2).

59. Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

60. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

61. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

62. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

63. Defendants' retaliation was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

- 11 -

Plaintiff's Complaint for Damages and Demand for Jury Trial
Jane Doe v. Starbucks et al.                                                    Hugo Ivan Salazar, Esq.
Exhibit A, Page 20

### SEVENTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(FEHA; Labor Code § 1102.5)**

**[Against All Defendants and Does 1 through 10]**

64.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

65.    At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants. Discrimination based on disability and age is a violation of FEHA.

66.    At all times herein mentioned, Labor Code § 1102.5 was in full force and effect and was binding on Defendants.

67.    On the basis of the above, plaintiff believes and alleges that her age, disability and good faith complaints of illegal activity in violation of the FEHA, ADA, and Los Angeles Municipal Code were substantial motivating reasons in Defendants' termination of her employment.

68.    As an approximate result of Defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

69.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure section 1021.5 and 1032, et seq., plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

### EIGHTH CAUSE OF ACTION

**Hostile Work Environment**

**(Gov. Code §12923 (a)(b)) Code § 1102.5) (b)**

**[Against All Defendants]**

70.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

71.    At all times herein mentioned, FEHA, Government Code section 12940, et

- 12 -

Plaintiff's Complaint for Damages and Demand for Jury Trial

Jane Doe v. Starbucks et al.                                                                      Hugo Ivan Salazar, Esq.

Exhibit A   Page 21

,

1   seq., was in full force and effect and was binding on defendants. This statute requires

2   defendants to refrain from harassing any employee because he or she is more than 40

3   years old or because of the employee's actual and/or perceived disability.

4       72.    Plaintiff was subjected to harassing conduct through a hostile work

5   environment, in whole or in part, on the basis of plaintiffs' age, actual and/or perceived

6   disability, requesting an accommodation, and/or other protected characteristics, in

7   violation of Government Code sections 12940(j) and 12923.

8       73.    Pursuant to Government Code section 12923(b), a single incident or

9   harassing conduct is sufficient to create a hostile work environment if the harassing

10  conduct has unreasonably interfered with plaintiff's work performance or created an

11  intimidating, hostile, or offensive working environment.

12      74.    As a proximate result of defendant's willful, knowing, and intentional

13  harassment of plaintiff, plaintiff have sustained and continues to sustain substantial

14  losses of earnings and other employment benefits.

15      75.    As a proximate result of defendant's willful knowing, and intentional

16  harassment of plaintiff, plaintiff have suffered and continues to suffer humiliation,

17  emotional distress, and mental and physical pain and anguish, all to their damage in a

18  sum according to proof.

19      76.    Plaintiff has incurred and continue to incur legal expenses and attorneys'

20  fees. Pursuant to Government Code section 12965(b), plaintiff are entitled to recover

21  reasonable attorneys' fees and costs (including expert costs) in an amount according to

22  proof.

23      77.    Defendants' harassment was committed intentionally, in a malicious,

24  fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages

25  against defendants.

26  ///

27  ///

28  ///

- 13 -

## **PRAYER**

WHEREFORE, Plaintiff demand a jury trial and request that judgment be entered against all Defendants as follows:

1.      For compensatory and general damages according to proof.

2.      For restitution and disgorgement for all unlawful and/or unfair business acts and/or practices according to proof.

3.      For attorney's fees and costs, to the extent that any are allowed by law.

4.      For prejudgment interest.

5.      For punitive damages according to proof.

6.      For such other and further relief as the Court deems proper.


Dated: September 8, 2023


SALAZAR LAW GROUP, APC

BY:_____

HUGO IVAN SALAZAR, ESQ.

Attorney for Plaintiff,

JANE DOE


///
///
///
///
///
///

- 14 -

Plaintiff's Complaint for Damages and Demand for Jury Trial

*Jane Doe v. Starbucks et al.*

Hugo Ivan Salazar, Esq.

1

## **DEMAND FOR JURY TRIAL**

2

3      Plaintiff hereby demands trial by jury for this matter.

4

5

6                                              **SALAZAR LAW GROUP, APC**

7

8

9   Date: September 8, 2023              By: _____

10                                           HUGO IVAN SALAZAR, ESQ.

11                                           Attorney for Plaintiff,

12                                           JANE DOE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Complaint for Damages and Demand for Jury Trial

*Jane Doe v. Starbucks et al.*                          Hugo Ivan Salazar, Esq.

**Exhibit A, Page 24**

,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

Plaintiff's Complaint for Damages and Demand for Jury Trial.

*Jane Doe v. Starbucks et al.*

Exhibit A, Page 25.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 6, 2023

Hugo Salazar
3975 Camino De La Plaza Suite 208-949
San Ysidro, CA 92173

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202309-21872006
       Right to Sue: ▮▮▮▮ / Starbucks

Dear Hugo Salazar:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 6, 2023

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202309-21872006
Right to Sue: ████████ / Starbucks

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

September 6, 2023



Artesia, CA

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202309-21872006
      Right to Sue: ▓▓▓▓ / Starbucks

Dear ▓▓▓▓▓▓▓▓:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective September 6, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

**Exhibit A, Page 28**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
### BEFORE THE STATE OF CALIFORNIA
#### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

CRD No. 202309-21872006

Complainant,

vs.

Starbucks
,

Respondents

1. Respondent **Starbucks** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant ▮▮▮▮▮▮▮, resides in the City of **Artesia**, State of **CA.**

3. Complainant alleges that on or about **August 2, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, sexual harassment-hostile environment, disability (physical, intellectual/developmental, mental health/psychiatric).

**Complainant was discriminated against** because of complainant's sex/gender, other, sexual harassment- hostile environment, disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, reprimanded, other, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, reprimanded, other.

Date Filed: September 6, 2023

CRD-ENF 80 RS (Revised 12/22)

Exhibit A, Page 29

1  **Additional Complaint Details:**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                   -2-
                                      *Complaint – CRD No. 202309-21872006*
27
   Date Filed: September 6, 2023
28
                                                              CRD-ENF 80 RS (Revised 12/22)

1 VERIFICATION

2 I, **Hugo Salazar**, am the **Attorney** in the above-entitled complaint.  I have read the
3 foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4 On September 6, 2023, I declare under penalty of perjury under the laws of the State
5 of California that the foregoing is true and correct.

6                                                                              **San Diego, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                                  -3-
                                          *Complaint -- CRD No. 202309-21872006*
27
Date Filed: September 6, 2023
28

                                                              CRD-ENF 80 RS (Revised 12/22)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Hugo Ivan Salazar, Esq. SBN324209
Salazar Law Group, APC  3975 Camino de la Plaza, Ste 208-949, San Ysidro, CA 92173

TELEPHONE NO.: (619) 254-1261   FAX NO. (Optional):
E-MAIL ADDRESS: Hsalazar@sdworkerslawyer.com
ATTORNEY FOR (Name): PLAINTIFF - JANE DOE

**Electronically FILED by
Superior Court of California,
County of Los Angeles
9/08/2023 3:31 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Chappell, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 200 West Compton Blvd.
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Compton, 90220
BRANCH NAME: Compton Courthouse

CASE NAME:
Jane Doe v. Starbucks Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **23CMCV01457** |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: September 8, 2023

Hugo Ivan Salazar
_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**Exhibit A Page 3**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

Exhibit A, Page 33

| SHORT TITLE | CASE NUMBER |
|---|---|
| Doe v. Starbucks Corporation, et al. | 23CMCV01457 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

Exhibit A, Page 34

| SHORT TITLE | CASE NUMBER |
|---|---|
| Doe v. Starbucks Corporation, et al. | 23CMCV01457 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

Exhibit A, Page 35

| SHORT TITLE | CASE NUMBER |
|---|---|
| Doe v. Starbucks Corporation, et al. | 23CMCV01457 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>　　　　　　　　　Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

Exhibit A, Page 36

| SHORT TITLE | CASE NUMBER |
|---|---|
| Doe v. Starbucks Corporation, et al. | 23CMCV01457 |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | | ☐ 4304 Election Contest | 2 |
| | | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Exhibit A, Page 37

| SHORT TITLE<br>Doe v. Starbucks Corporation, et al. | CASE NUMBER<br>23CMCV01457 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>7905 Alondra Blvd. |
|---|---|
| CITY:<br>Paramount | STATE:<br>CA | ZIP CODE:<br>90723 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 09/08/2023

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

Exhibit A, Page 38

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

Exhibit A, Page 39

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk
By _Rizalinda Mina_, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

Exhibit A, Page 41

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

**Exhibit A, Page 42**

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a)  Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b)  The table of contents for any filing must be bookmarked.

c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

i)  Depositions;

ii)  Declarations;

iii)  Exhibits (including exhibits to declarations);

iv)  Transcripts (including excerpts within transcripts);

v)  Points and Authorities;

vi)  Citations; and

vii)  Supporting Briefs.

e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f)  Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g)  Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)     Any printed document required pursuant to a Standing or General Order;

    ii)     Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)     Pleadings and motions that include points and authorities;

    iv)     Demurrers;

    v)     Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)     Motions for Summary Judgment/Adjudication; and

    vii)     Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**Exhibit A, Page 46**

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California

Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**Exhibit A, Page 47**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Compton Courthouse 200 West Compton Blvd, Rm 902, Compton, CA 90220 | **FILED** Superior Court of California County of Los Angeles 09/08/2023 David W. Slayton, Executive Officer / Clerk of Court By: _____ M. Chappell _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 23CMCV01457 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Michael Shultz | A | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 09/08/2023 _____
      (Date)

By M. Chappell _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A, Page 48

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A, Page 49

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

Exhibit A, Page 51

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

| Print | Save |
|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

Exhibit A, Page 54

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit A, Page 55

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save

Exhibit A, Page 56

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

Exhibit A, Page 57

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court

order.

DATED: _May 11, 2011_     _____

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)